UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEAN MARIE KEPHART, | ) | Case No. ED CV 13-1270-SP |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration | ) | |
| Defendant. | ) | |

**I.**

**INTRODUCTION**

On July 26, 2013, plaintiff filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking review of a denial of Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and Disabled Widow's Benefits ("DWB"). Both plaintiff and defendant have consented to proceed before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

Plaintiff presents one dispute for adjudication, whether the Administrative

Law Judge ("ALJ") properly discredited plaintiffs credibility and subjective complaints.

Having carefully studied, inter alia, the parties's moving papers, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ properly discounted plaintiff's credibility. Consequently, this court affirms the decision of the Commissioner denying benefits.

## II.

## FACTUAL BACKGROUND

Plaintiff, who was forty-six years old on her alleged disability onset date of February 1, 2008, is a high school graduate. AR at 118, 201. Her past work experience includes positions as a care provider and fast food worker. AR at 119-24, 244-47.

Plaintiff filed applications for DIB on March 31, 2010, SSI on April 26, 2010, and DWB on November 6, 2011. AR at 11, 201-04. Her alleged disabilities include: degenerative disc disease; arthritis in the back, neck and hips; and depression. AR at 232, 267.

On January 13, 2012, plaintiff, represented by counsel appeared and testified at a hearing before the ALJ. AR at 88-118. The ALJ also heard testimony from David A. Rinehart, a vocational expert. AR at 118-35. On April 17, 2012 the ALJ denied plaintiff's request for DIB, SSI, and DWB. AR at 11-26

Applying the well known five step sequential evaluation process, the ALJ found, at step one, plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. AR at 14. Plaintiff engaged in a part time position after her alleged disability onset date, but this employment did not rise to the level of substantial gainful activity. *Id.*

At step two, the ALJ found plaintiff to have the following severe impairments: degenerative disc disease of the cervical and lumbar spine,

depression, and anxiety. *Id*.

At step three, the ALJ found plaintiff's impairments do not meet or medically equal one of the listed impairments set forth in 20 C.F.R. Part 404, Sub. P, Appx. 1. AR at 14-16.

The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[1] and determined she can perform less than the full range of medium work, with the limitations that she: can lift/carry fifty pounds occasionally and twenty-five pounds frequently; can sit for six hours of an eight-hour workday with normal breaks; can stand/walk for six hours of an eight-hour workday with normal breaks; can occasionally climb ladders; cannot climb ropes or scaffolding; cannot work with children; is limited to simple repetitive tasks in a non-stressful environment, with only non-intense interaction with others and no fast-paced work; and is limited to occasional fine manipulation. AR at 16-23.

At step four, the ALJ found plaintiff cannot perform any of her past relevant work. AR at 23-24.

At step five, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that plaintiff can perform, including protective clothing issuer, parking lot signaler, and route aid. AR at 24-25.

Plaintiff filed a timely request for review of the ALJ's decision (AR at 5-7), which was denied by the Appeals Council. AR at 1-4. The ALJ's decision stands as the final decision of the Commissioner.

---

[1]  Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

# III.

## STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

///

///

///

4

1

# IV.

2

## **DISCUSSION**

3      Plaintiff argues the ALJ failed to properly assess her credibility and

4 subjective complaints.  Pl. Mem. at 3.  The ALJ found plaintiff's claims to be less

5 than credible due to: (1) her part-time home care job and other daily activities that

6 suggested her abilities were more than she indicated; (2) her failure to wear a

7 prescribed neck brace; (3) the minimal and conservative nature of her treatments;

8 (4) the ALJ's own observation of plaintiff at the hearing being inconsistent with

9 her claimed level of pain; (5) her claim to walk with a limp being inconsistent with

10 the observations of consultant physicians; and (6) her inconsistent statements

11 regarding her use of illegal drugs.  AR at 16-19.  Having carefully reviewed the

12 record, the court finds the ALJ properly discounted plaintiff's credibility.

13      An ALJ must make specific credibility findings, supported by the record.

14 Social Security Ruling ("SSR") 96-7p.[2]  A claimant carries the burden of producing

15 objective medical evidence of his or her impairments and showing that the

16 impairments could reasonably be expected to produce some degree of the alleged

17 symptoms.  *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).  But once the

18 claimant meets that burden, medical findings are not required to support the alleged

19 severity of pain.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc);

20 *see also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("claimant

21 need not present clinical or diagnostic evidence to support the severity of his pain"

22 (citation omitted)).

23 _____

24    [2]  "The Commissioner issues Social Security Rulings to clarify the Act's
implementing regulations and the agency's policies.  SSRs are binding on all

25 components of the [Social Security Administration].  SSRs do not have the force

26 of law.  However, because they represent the Commissioner's interpretation of the
agency's regulations, we give them some deference.  We will not defer to SSRs if

27 they are inconsistent with the statute or regulations."  *Holohan v. Massanari*, 246

28 F.3d 1195, 1203 n.1 (9th Cir. 2001) (internal citations omitted).

5

1       Instead, once a claimant has met the burden of producing objective medical
2   evidence, an ALJ can reject the claimant's subjective complaint "only upon (1)
3   finding evidence of malingering, or (2) expressing clear and convincing reasons for
4   doing so." *Benton*, 331 F.3d at 1040.  The ALJ may consider the following factors
5   in weighing the claimant's credibility: (1) his or her reputation for truthfulness; (2)
6   inconsistencies either in the claimant's testimony or between the claimant's
7   testimony and his or her conduct; (3) his or her daily activities; (4) his or her work
8   record; and (5) testimony from physicians and third parties concerning the nature,
9   severity, and effect of the symptoms of which she complains. *Thomas v. Barnhart*,
10  278 F.3d 947, 958-59 (9th Cir. 2002).

11      Here, the ALJ did not explicitly find evidence of malingering. *See generally*
12  AR at 16-23.  Thus, in rejecting plaintiff's credibility the ALJ was required to
13  articulate clear and convincing reasons. *See Benton*, 331 F.3d at 1040.  The court
14  is persuaded that the ALJ provided clear and convincing reasons for rejecting
15  plaintiff's credibility for the following reasons.

16      **1.    Plaintiff's Home Care Position**

17      The first reason the ALJ gave for discounting plaintiff's credibility was that
18  the work she performed as a part-time home care provider, while not constituting
19  substantial gainful activity, indicated plaintiff's "daily activities have, at least at
20  times, been somewhat greater than [plaintiff] has generally reported."  AR at 17.
21  The ALJ particularly noted the inconsistency between this work and plaintiff's
22  claimed need to lie down throughout the day for several hours at a time. *Id*.; *see*
23  *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (a
24  plaintiff's ability "to spend a substantial part of [her] day engaged in pursuits
25  involving the performance of physical functions that are transferable to a work
26  setting" may be sufficient to discredit her).  Here, the ALJ did not find that the
27  work she performed by itself showed she is not disabled, but rather that the work is
28  inconsistent with her own claimed limitations, thus generally calling her credibility

1    into question.

2         Plaintiff asserts that, while she did attempt to provide for herself as a home

3    care provider, this position allowed her to rest as needed in an attempt to control

4    her pain level.  Pl. Mem. at 4.  Plaintiff contends this level of exertion does not

5    contradict her allegations of severe hip, knee, and lower back pain.  *Id*.  But

6    plaintiff's memorandum appears to be the first assertion of the accommodating

7    measures offered by this position.  *Id*.

8         The ALJ cites plaintiff's own work history report detailing this home care

9    position.  AR at 17.   This position lasted until 2010, almost two years after

10   plaintiff's alleged disability onset date.  AR at 244.  While plaintiff does not

11   dispute this, the report itself contains numerous inconsistences with her testimony.

12   In the report, plaintiff indicated her job involved: moving furniture, stooping for

13   forty-five minutes, kneeling for thirty minutes, crouching for an hour, and

14   frequently lifting up to ten pounds.  AR at 246.  At the hearing, plaintiff testified

15   she had "slowed down" in this position, but she also admitted this was the same

16   position that required her to occasionally lift 110 pounds, which the vocational

17   expert noted actually constitutes "very heavy" work.  AR at 120-21.  As such, the

18   ALJ's finding that plaintiff's work as a home care provider was inconsistent with

19   her claimed limitations was a clear and convincing reason to discount her

20   credibility.

21            **2.    Plaintiff's Failure to Wear Neck Brace**

22        Plaintiff asserts a neck brace was prescribed for her full time use by Dr. Kyi

23   from Lake Elsinore Family Health Center, but stated at the hearing she only wears

24   it three-quarters of the day as it is causes sweating and itching, and she was not

25   wearing it at the hearing because she forgot it at home.  AR at 100-01.  "[I]f a

26   claimant complains about disabling pain but fails to seek treatment, or fails to

27   follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for

28   finding the complaint unjustified or exaggerated."  *Orn v. Astrue*, 495 F.3d 625, 638

                                          7

1   (9th Cir. 2007).  Plaintiff's back and spinal issues being her chief complaint, a
2   failure to follow such treatment could suggest her symptoms were not as severe as
3   she alleged.  Accordingly, the ALJ found plaintiff's failure to wear the neck brace
4   as prescribed was reason to discount her credibility, although the ALJ specifically
5   noted this finding was not the primary reason for his credibility determination.  AR
6   at 17-18.

7          Plaintiff contends that if the ALJ determined a neck brace was prescribed
8   and used this fact to undermine her credibility, it should be included in the RFC.
9   Pl. Mem. at 5.  In determining a claimant's RFC, an ALJ must consider all relevant
10  evidence in the record, including medical records, lay evidence, and the effects of
11  symptoms (including pain) that are reasonably attributed to a medically
12  determinable impairment.  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir.
13  2006); *see* SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996); 20 C.F.R.
14  §§ 404.1545(a)(3) (a claimant's assessed RFC is based upon all the relevant
15  evidence in the case record), 416.945(a)(3) (same).

16         Here, the record contains no medical records showing plaintiff's neck brace
17  was actually prescribed.  At the hearing, plaintiff's attorney indicated there was
18  difficulty in obtaining the records from the Lake Elsinore Health Center.  AR at 89.
19  As no medical evidence on record exists to support the neck brace requirement
20  apart from plaintiff's claim of its necessity, the ALJ was not required to include it
21  in his RFC assessment.  *See Johansen v. Apfel,* 1999 U.S. App. LEXIS 5321, at *4-
22  5 (9th Cir. Mar. 23, 1999) (when  plaintiff's sole evidence is subjective testimony,
23  which is given little weight due to  inconsistencies with the medical evidence on
24  record, the ALJ need not include it in RFC determination); 20 C.F.R. § 416.908; 20
25  C.F.R. § 416.928.  Moreover, it is unclear – and plaintiff does not explain – how
26  the neck brace, if required, would have created functional limitations not included
27  in plaintiff's RFC.

28         The court agrees with plaintiff that it is unclear whether the ALJ actually

1  accepted plaintiff's testimony that she was prescribed the neck brace.  But

2  regardless, plaintiff's testimony that she was prescribed a neck brace for full-time

3  use but in fact did not follow such treatment was an inconsistency the ALJ properly

4  considered, particularly as the ALJ specifically noted this was not the primary

5  reason he discounted plaintiff's credibility.

6  **3.    The Minimal and Conservative Nature of Treatment**

7  Plaintiff next contends the ALJ erred in determining the minimal and

8  conservative nature of her treatment diminishes her credibility.  *See* AR at 18.

9  Plaintiff received Toradal injections, medial branch block treatment, and

10  prescriptive pain medication for her spinal condition.  AR at 296, 404, 408, 412,

11  593.  Indeed, the ALJ explicitly recognized this.  AR at 20.  Plaintiff maintains

12  these treatments are not conservative in nature.  *Id.*

13  Evidence of conservative treatment may form the basis for undermining

14  plaintiff's credibility regarding the severity of the ailment.  *Tommasetti v. Astrue,*

15  533 F.3d 1035, 1039 (9th Cir. 2008); *see also Parra v. Astrue,* 481 F.3d 742,

16  750-51 (9th Cir. 2007) (stating that evidence of conservative treatment is sufficient

17  to discount a claimant's testimony regarding severity of an impairment).  The court

18  agrees with plaintiff that Toradal injections and medial branch block treatment

19  would not be considered conservative treatments.  *See Christie v. Astrue,* 2011 WL

20  4368189, at *4 (C.D. Cal. Sept. 16, 2011) (refusing to categorize trigger point

21  injections, epidural shots, and narcotic pain medication as conservative).

22  But the injections and other treatment cited by plaintiff were for her back

23  pain, and the ALJ does not characterize plaintiff's back pain treatment as

24  conservative.  Instead, the ALJ noted plaintiff's alleged symptoms of hip pain,

25  tremors, dizziness, and lightheadedness would be expected to produce a treatment

26  history, but none existed in the record.  AR at 18.  The ALJ found "[t]he absence of

27  treatment for these alleged impairments, as well as a lack of documentation of these

28  purported symptoms in the medical evidence, is inconsistent with the alleged

severity of the functional limitations imposed by these symptoms and impairments." *Id*.  For a condition that allegedly limited plaintiff's sleep and caused a great deal of pain, it would be reasonable for the record to contain some testing or treatment, but no such record exists beyond plaintiff's subjective complaints.  *See* AR at 314, 504, 587, 588.  Accordingly, this was a clear and convincing reason for the ALJ to discount plaintiff's credibility.

### 4.    The Sit and Squirm Test

Plaintiff lastly contends the ALJ erred in determining her credibility was diminished by his observations of her at the hearing.  Pl. Mem. at 6.  The ALJ observed plaintiff throughout the hearing and noted her "apparent lack of discomfort," even though she admitted she was not on medication and claimed "her pain level was at an eight or nine at the hearing." AR at 18.  The ALJ accorded this observation "some slight weight" in his overall credibility determination.  *Id.*

While "sit and squirm" analysis is disapproved in the Ninth Circuit, when it is used in conjunction with other proper credibility determinations, the decision is not rendered improper.  *See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) ("Although this Court has disapproved of so-called 'sit and squirm' jurisprudence, the 'inclusion of the ALJ's personal observations does not render the decision improper.'") (citations omitted).  This is particularly true in this case, where the ALJ noted plaintiff's claimed pain was not only inconsistent with the ALJ's observations, but plaintiff's claim to need daily pain medication was undercut by her admission she did not take pain medication that day.  *See* AR at 18.  In addition, given that the ALJ accorded only slight weight to his observation, and his other credibility determinations are proper, the inclusion of this "sit and squirm" observation does not render the decision improper.

### 5.    Other Inconsistencies

The ALJ gave two other reasons for discounting plaintiff's credibility that plaintiff did not challenge.  The ALJ noted that plaintiff alleges she walks with a

10

limp, but the consultant psychiatric examiner noted plaintiff walked without any assistive device and did not note a limp.  AR at 18-19; *see id.* at 470.  In addition, the ALJ pointed out that plaintiff contends she stopped using illegal drugs, but admits she still uses marijuana to relieve pain and does not have a prescription to do so.  AR at 19; *see id*. at 94, 101.  Although these inconsistencies are not as clear as some of the others noted, they are proper bases, considered with the others, to discount plaintiff's credibility.  *See Thomas*, 278 F.3d at 958-59.

In sum, the ALJ gave a number of clear and convincing reasons that were supported by substantial evidence for discounting plaintiff's credibility.  As such, the ALJ did not err.

## V.

## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing the complaint with prejudice.

DATED: June 6, 2014

SHERI PYM
United States Magistrate Judge

11